**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| John Willard Greywind, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR PRELIMINARY** |
| vs. | ) | **INJUNCTION** |
| | ) | |
| James T. Podrebarac, Leann Bertsch, | ) | Case No. 1:10-cv-006 |
| Patrick Branson, and Kathy Bachmeier, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Plaintiff's Motion for Preliminary Injunction filed on March 11, 2010. See Docket No. 10. The Plaintiff filed a supplement to his motion on March 24, 2010. See Docket No. 11. The Defendants filed a response in opposition to the motion on April 7, 2010. See Docket No. 12. For the reasons set forth below, the Plaintiff's motion for a preliminary injunction is denied.

**I.   BACKGROUND**

The plaintiff, John Willard Greywind, is an inmate at the North Dakota State Penitentiary (NDSP). Defendant James T. Podrebarac is a dentist at NDSP, Defendant Leann Bertsch is the Director of the North Dakota Department of Corrections and Rehabilitation, Defendant Patrick Branson is a Deputy Warden at NDSP, and Defendant Kathy Bachmeier is the Medical Director at NDSP. Greywind alleges that on September 15, 2009, he fractured a tooth as a result of biting down on a bone chip in a hamburger provided by NDSP. Dr. Podrebarac determined Greywind had a buccal gingival abscess at teeth numbers 3 and 4, a root fracture to tooth number 4, and endodontic/periodontal disease. See Docket No. 12-1. Greywind made numerous complaints

regarding pain in his number 4 tooth. Greywind asked to have a root canal and crown put on his number 4 tooth. However, Dr. Podrebarac advised Greywind that the proper treatment for a root fracture is extraction of the tooth. Greywind did not agree to the extraction and has continued to complain of pain and demand a root canal and crown. Dr. Podrebarac has continued to treat the tooth with antibiotics and pain medication.

On February 8, 2010, Greywind filed a complaint against the Defendants under 42 U.S.C. § 1983 seeking a permanent injunction and compensatory damages in the amount of $25,000.00. See Docket Nos. 2 and 5. In his affidavit filed on March 11, 2010, Greywind states, "That a preliminary injunction must be ordered to force the defendants to take action in this serious medical situation that they vehemently now refuse to do." See Docket No. 9. Greywind included a proposed "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" with his affidavit. See Docket No. 9-1. Greywind did not file a memorandum in support of his request for a preliminary injunction or temporary restraining order. Greywind filed a supplemental document on March 24, 2010, citing case law in his favor. See Docket No. 11.

## II. LEGAL DISCUSSION

Greywind contends the Defendants violated his Eighth Amendment right against cruel and unusual punishment through their deliberate indifference to his serious medical condition and a preliminary injunction is necessary to relieve him of his pain and prevent further infection. The Defendants contend Greywind's motion does not comply with the District of North Dakota's Local Rules. The Defendants further contend Greywind is not entitled to a preliminary injunction because

he has not demonstrated a substantial probability of succeeding on the merits or irreparable injury if the preliminary injunction is not granted.

### A.      FAILURE TO FILE MEMORANDUM

The Government contends Greywind's motion should be dismissed for failure to comply with the District of North Dakota's Local Rules because he failed to file a memorandum in support of his motion. Local Civil Rule 7.1(B) states, "Upon serving and filing a non-dispositive motion, the moving party must contemporaneously serve and file a memorandum in support not to exceed twenty (20) pages." Local Civil Rule 7.1(F) provides:

> A party's failure to serve and file a memorandum or a response within the prescribed time may subject a motion to summary ruling. A moving party's failure to serve and file a memorandum in support may be deemed an admission that the motion is without merit. An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.

Courts sometimes give leniency to pro se litigants with regard to procedural rules. See Hughes v. Rowe, 499 U.S. 5, 9 (1980) (holding a prisoner's pro se complaint to "less stringent standards than formal pleadings drafted by lawyers"); but see Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives"). The language of Local Civil Rule 7.1 is permissive, not mandatory. This Court "may" consider Greywind's failure to file a formal memorandum to be "an admission that the motion is without merit." D.N.D. Civ. R. 7.1(F). However, in light of the fact Greywind filed a supplemental document citing relevant case law (Docket No. 11), the Court will consider Greywind's motion on its merits.

### B.        **PRELIMINARY INJUNCTION**

Greywind seeks a preliminary injunction forcing the Defendants to provide him with antibiotics and perform a root canal and place a crown on his fractured tooth. Rule 65 of the Federal Rules of Civil Procedure allows the Court to issue preliminary injunctions. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 113 n.5 (8th Cir. 1981)). In Dataphase, the Eighth Circuit Court of Appeals explained the factors a court should consider when deciding whether to grant preliminary injunctive relief:

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Dataphase, 640 F.2d at 113. The moving party bears the burden of establishing the necessity of a preliminary injunction. Baker Elec. Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Id. (quoting Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., 815 F.2d 500, 503 (8th Cir. 1987)). The Court will consider each of the Dataphase factors in turn.

### 1)        **IRREPARABLE HARM**

The movant is required to show the threat of irreparable harm. Dataphase, 640 F.2d at 113, 114 n.9 (citing Rittmiller v. Blex Oil, Inc., 624 F.2d 857, 861 (8th Cir. 1980); Frejlach v. Butler, 573 F.2d 1026, 1027 n.4 (8th Cir. 1978)). In addition, "a party moving for a preliminary injunction must

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose, 42 F.3d at 471 (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)).

Greywind alleges in his affidavit, "That there is an eminent danger of the infection entering my blood stream and causing death, and therefore must be promptly and professionally treated." See Docket No. 9. However, Greywind's NDSP patient profile shows he was given the antibiotic amoxicillin as recently as March 11, 2010. See Docket No. 12-3. Dr. Podrebarac also asserts he and NDSP staff have continued to treat Greywind's infected tooth with antibiotics and analgesics. See Docket No. 12-1. Thus, the record indicates any infection Greywind may be suffering was being treated at the time he filed his motion. In addition, Greywind has not provided any evidence besides his bare assertion that he is at risk of serious injury or death as a result of his tooth infection. See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007) (inmate "produced neither expert testimony nor documentary evidence to support his claim that the treatment provided by the Jail's medical staff was constitutionally inadequate"). The Court finds Greywind has not shown a sufficient threat of irreparable harm to warrant a preliminary injunction.

Dr. Podrebarac contends in his affidavit:

> The problems Greywind has continued to have with his tooth are, in my opinion, the result of his refusal to follow my advice and have the tooth removed. Clearly, removal of a mobile tooth with root fracture would resolve the problems of pain and infection in the area of that tooth.

See Docket No. 12-1. Based on the affidavits provided by Greywind and Dr. Podrebarac, the Court finds Greywind has not established a relationship between his injury and the Defendants' conduct. See Devose, 42 F.3d at 471 (citing Penn, 528 F.2d at 1185) (requiring such a showing).

5

### 2)    BALANCE BETWEEN HARM AND INJURY TO OTHER PARTIES

Greywind has not shown he would suffer irreparable harm without a preliminary injunction, and the Defendants have not indicated any injury they would suffer if forced to give Greywind the treatment he desires. This factor does not weigh in favor of or against granting Greywind's motion.

### 3)    PROBABILITY OF SUCCESS

Greywind contends the Defendants have violated 42 U.S.C. § 1983 by denying his rights under the Eighth Amendment. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, prohibits "cruel and unusual punishments." Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660, 667 (1962)). In Estelle, the United States Supreme Court held the Eighth Amendment obligates a government "to provide medical care for those whom it is punishing by incarceration." Id. at 103. Prison officials violate the Eighth Amendment "if they commit 'acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs.'" Meuir, 487 F.3d at 1118 (quoting Estelle, 429 U.S. at 106) (alteration in original). Specifically, the inmate must show "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004) (citing Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)). "[A] prisoner's mere difference of opinion over matters of expert

medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Taylor v. Bowers, 966 F.2d 417, 421 (8th Cir. 1992) (citing Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985)).

In Meuir, the inmate suffered from bleeding gums and toothaches. The jail's medical staff gave the inmate Tylenol and encouraged him to brush and gargle with salt water. They denied his requests for prescription mouthwash he had received at another correctional facility. The inmate refused to visit a county dentist that he had been told had a "pull-teeth-only" policy. Meuir, 478 F.3d at 1118. After he refused to visit the county dentist, the jail's doctor stopped providing him with Tylenol and informed him he could purchase the medication at the commissary. The inmate sued jail employees, including the medical staff, under 42 U.S.C. § 1983 for violating his Eighth Amendment rights. The Eighth Circuit Court of Appeals affirmed the district court's summary judgment in favor of the defendants. The Eighth Circuit cited Taylor, explaining that a difference of opinion regarding treatment does not constitute an Eighth Amendment violation. Id. at 1118-19 (citing Taylor, 966 F.2d at 421). The Eighth Circuit further explained the defendants produced evidence showing the inmate's treatment was adequate, while the inmate produced no evidence to support his claim. Id. at 1119.

In Dulany v. Carnahan, 132 F.3d 1234 (8th Cir. 1997), a group of inmates sued various state officials under 42 U.S.C. § 1983 for violating their Eighth Amendment rights by their deliberate indifference to the inmates' medical needs. One inmate alleged the prison medical staff had pulled the wrong tooth. The defendants presented evidence showing the tooth needed to be extracted. The inmate did not present any evidence in support of her allegation. The Eighth Circuit Court of Appeals affirmed the district court's summary judgment in favor of the defendants, noting,

7

"[M]edical malpractice does not amount to deliberate indifference 'merely because the victim is a prisoner.'" Dulany, 132 F.3d at 1243 (quoting Estelle, 429 U.S. at 106).

In this case, similar to the inmates in Meuir and Dulany, Greywind has presented no evidence showing his treatment to be inadequate. Dr. Prodrebarac's affidavit and Grewyind's NDSP patient profile indicate Greywind has been treated with antibiotics and pain medication. See Docket Nos. 12-1 and 12-3. Greywind has refused to allow Dr. Prodrebarac to extract the tooth. See Docket No. 12-1. While Greywind may be suffering from an objectively serious medical need, he has not shown the Defendants have deliberately disregarded this need. On the contrary, Dr. Proderbarac has continued to treat Greywind's pain and infection. See Docket Nos. 12-1 and 12-3. Greywind's disagreement with Dr. Prodrebarac's advice regarding treatment of his infected tooth does not amount to an Eighth Amendment violation. Taylor, 966 F.2d at 421. Greywind's continued suffering is the result of his decision to ignore Dr. Prodrebarac's advice. The Court finds Greywind has not demonstrated a likelihood of success warranting a preliminary injunction.

### 4)   PUBLIC INTEREST

The Defendants argue prison officials must be given discretion in implementing and enforcing policies regarding medical treatment of inmates. The Eighth Circuit Court of Appeals advised in Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982):

> [J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. See, e.g., Procunier v. Martinez, 416 U.S. 396, 404-05, 94 S. Ct. 1800, 1807-1808, 40 L. Ed. 2d 224 (1974). It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief. The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Absent an Eighth Amendment violation, the Court finds this factor weighs against granting Greywind's request for a preliminary injunction.

IV.     **CONCLUSION**

Having carefully considered the Plaintiff's Motion for Preliminary Injunction, the Court finds Greywind has failed to meet his burden under Rule 65 of the Federal Rules of Civil Procedure. Not one of the Dataphase factors weighs in favor of granting injunctive relief in this case. For the reasons set forth above, Greywind's Motion for Preliminary Injunction (Docket No. 10) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2010.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court