**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| John Willard Greywind, | ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| Plaintiff, | ) | **PERMISSIVE JOINDER OF PARTIES** |
| | ) | |
| vs. | ) | |
| | ) | |
| James T. Podrebarac, et. al., | ) | Case No. 1:10-cv-006 |
| | ) | |
| Defendants. | ) | |

The plaintiff, John Willard Greywind ("Greywind"), is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled § 1983 action against the defendants in February 2010, alleging that they had failed to provide him adequate and necessary dental care. Plaintiff seeks both injunctive relief and damages.

On November 9, 2010, Greywind filed a Motion for Permissive Joinder of Parties. He seeks to join Timothy Schuetzle ("Schuetzle"), former warden of the North Dakota State Penitentiary, as a defendant in his official and individual capacities.

Defendants filed a response in opposition to Greywind's motion on November 23, 2010. They aver that the Greywind's motion should be denied because he has not filed a memorandum in support of his motion as required by the Local Rule 7.1 and his motion otherwise lacks the requisite specificity. They further aver that Greywind cannot otherwise sustain a cognizable claim against Schuetzle.

In this case, Schuetzle cannot be sued in his official capacity since he is longer employed by the State. Further, the only reason to sue a state prison official in his or her official capacity is to obtain injunctive relief, since a suit against a state prison official in his or her official capacity is

1

considered a suit against the State and the State has sovereign immunity for any claim for damages. See, e.g., Quern v. Jordan, 440 U.S. 332 (1979); Edelman v. Jordan, 415 U.S. 651 (1974); Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir.2007). In this case, Greywind is already suing other prison officials and the director of the North Dakota Department of Corrections and Rehabilitation in their official capacities. While the court is not making any final ruling, it is unlikely that Greywind needs to sue another prison official in his or her official capacity to obtain injunctive relief *if* it is warranted.

If Greywind wants to sue Schuetzle personally in his individual capacity, he must plead in his complaint a sufficient basis for such claim. A review of Geywind's present complaint discloses that it contains no allegations against Schuetzle. Therefore, simply adding him as a named defendant is not sufficient to state a claim against him. Consequently, before Greywind would be allowed to add Schuetzle as a defendant in his individual capacity, he must submit a proposed amended complaint that names Schuetzle as an additional defendant and sets forth allegations sufficient to make out a claim against him as a matter of law.

In that regard, there is no *respondeat superior* liability in civil rights cases pursuant to 42 U.S.C. § 1983, *i.e.,* Schuetzle cannot be held liable in damages for the wrongful acts of other simply because he was their superior. See Clemmons v. Armontraut, 477 F.3d 962, 967 (8th Cir. 2007). To make out a claim against Schuetzle personally, something more must plead.

Greywind's motion to add Schuetzle as a defendant (Docket No. 22) is **DENIED WITHOUT PREJUDICE**. Greywind may renew his motion, but, if he does so, he must submit a proposed amended complaint that names Schuetzle as a defendant along with the other defendants he has already sued and that contains additional allegations sufficient to make out a claim against Schuetzle in his individual capacity.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2010.

                 <u>/s/  Charles S.  Miller, Jr.</u>
                 Charles S.  Miller, Jr.
                 United States Magistrate Judge