# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| John Willard Greywind, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | Case No. 1:10-cv-006 |
| James T. Podrebarac, Leann Bertsch, | ) | |
| Patrick Brandson, and Kathy Bachmeier, | ) | |
| | ) | |
| Defendants. | ) | |

___

On December 2, 2010, the defendants filed a "Motion for Summary Judgment." See Docket No. 26. The plaintiff, John Willard Greywind, filed a response in opposition to the defendants' motion on February 25, 2011. See Docket No. 32. On March 14, 2011, the defendants filed a reply brief. See Docket No. 33. Magistrate Judge Charles S. Miller, Jr. issued a "Report and Recommendation" on September 12, 2011. See Docket No. 40. Judge Miller recommended that:

> defendants' Motion for Summary Judgment (Docket No. 26) be **GRANTED**; that Greywind's complaint (Docket No. 5) be **DISMISSED WITH PREJUDICE** and that Greywind's Motion for Class Certification (Docket No. 23) be **DENIED AS MOOT**.

See Docket No. 40, p. 17.

Greywind filed an "Objection to Magistrates Recommendation, Pursuant to D.N.D. Civil. L.R. 72.1(D)(3)" on September 28, 2011. See Docket No. 42. Greywind challenges Judge Miller's authority to issue the Report and Recommendation:

> Magistrate did not have the authority to make a ruling in this case, at the onset of this case plaintiff, signed a form and filed it with this court asking that a UNITED STATE DISTRICT JUDGE make all rulings in this case, this case was assigned to a U.S. JUDGE, there was never an order in this case allowing a magistrate to make rulings in this case.
> \*\*\*

> There is no court order in this record that gives the Magistrate authority to make rulings or recommendation in this case. The United States Judge that is assigned to this case should make a new ruling, and not use any of the wording that the magistrate used in his recommendation, so as to protect plaintiff's constitutional rights in the interest of justice.

See Docket No. 42, pp. 1, 3 (errors in original).

Under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1), magistrate judges have authority to issue reports and recommendations for dispositive motions relating to prisoner claims challenging conditions of confinement, such as civil rights claims under 42 U.S.C. § 1983. See Branch v. Martin, 886 F.2d 1043, 1045 n.1 (8th Cir. 1989) (explaining "conditions of confinement" has been interpreted to include nearly all 42 U.S.C. § 1983 claims related to health, safety, or punishment); Hobbs v. Lockhart, 46 F.3d 864, 867 (8th Cir. 1995) (explaining "magistrate judges are authorized [in a prisoner's 42 U.S.C. § 1983 claim] to conduct hearings ... and to submit to the district court proposed findings of fact and conclusions of law and recommendations for the disposition of the case."); see also D.N.D. Civ. L. R. 72.1(B)(4). The district judge reviews the report and recommendation and has the discretion to adopt, reject, or modify the proposed finding and conclusions in the report and recommendation. 28 U.S.C. § 636(b)(1)(B); D.N.D. Civ. L. R. 72.1(D)(3). The United States Supreme Court has found that this procedure complies with Article III of the United States Constitution. See United States v. Raddatz, 447 U.S. 667, 681-84 (1980). Therefore, Judge Miller acted in accordance with the law and within his authority as magistrate judge when he issued the Report and Recommendation.

Greywind objects to several of the proposed findings and conclusions within Judge Miller's Report and Recommendation. Greywind contends Judge Miller erroneously concluded that he failed

to establish that the defendants acted with deliberate indifference of his serious medical condition.

See Docket No. 42, pp. 1-2. He also contends:

> 3. This court erroneously rules that prison official's have 11th amend. Immunity in this case. These were willful acts dictated by policies that the defendant's created, under North Dakota law N.D.C.C. § 9-10-06:*"everyone is liable for willful acts".* North Dakota Department of Corrections and rehabilitation has excepted Federal funding, that by the states expectances of in fact waives any 11th amend immunity thy might have, see, Fredrick v. Dept. of Public Welfare, 157 F.Supp.2d 509, 510 (E.D.Pa.2001).
>
> 4. Plaintiff has shown to this court that through their actions they have willfully acted indifferent to plaintiff's medical needs. This was a blatant disregard for plaintiffs health and prison officials should have known through their actions and adherence to an unconstitutional blanket prison policy, that they willfully violated statutory and constitutional rights of plaintiff. The prison official should be expected to have known that this type of conduct, would allow actions against them in their personal capacity, see; Harlow v. Fitzgerald, 102 S.Ct. 2727 (1982). Boykin v. Bloomsburg Univ., 839 F.Supp. 400 (3rd Cir. 1995), Flannagan v. Shively, 783 F.Supp. 922 (3rd Cir. 1992)
>
> 5. Plaintiff's claim involved blanket medical policies that denied not just plaintiff but all prisoners with the North Dakota Department of Correction and Rehabilitation adequate medical care that treatment of inmate/patient should be done on a person to person, illness/injury basis and not determined by blanket prison policy. Plaintiff cause of action clearly states this and because is affects all prisoners, this courts should have granted plaintiff CLASS ACTION STATUS.

See Docket No. 42, pp. 2-3 (emphasis and errors in original).

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 40) in its entirety; **GRANTS** the defendant's "Motion for Summary Judgment" (Docket No. 26); **DISMISSES WITH PREJUDICE** the plaintiff's complaint (Docket No. 5); and **DENIES AS MOOT** the plaintiff's "Motion to Certify Class" (Docket No. 23).

**IT IS SO ORDERED.**

Dated this 5th day of October, 2011.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court